IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VENUS EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-CV-238-MHT-KFP |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| TRANSPORTATION, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Venus Edwards, appearing pro se, alleges in this lawsuit that Defendant Alabama Department of Transportation ("ALDOT") violated Title VII of the Civil Rights Act of 1964 by failing to hire her, failing to promote her, and retaliating against her based on her race, color, and gender/sex in the mid-1990s. ALDOT filed a Motion to Dismiss (Doc. 22), and Edwards filed a response in opposition (Doc. 25). Upon review of the record and the parties' submissions, the undersigned RECOMMENDS that ALDOT's motion be GRANTED.

## I.   BACKGROUND

On March 29, 2019, Edwards initiated this action by filing a one-paragraph Complaint, which, in its entirety, stated:

> Now comes plaintiff seeking benefits on behalf of discrimination off set from Johnny Reynolds case 2:85 CV665-MHTWO Plaintiff has finally received her right to sue letter and ask the courts to settle this matter quickly and fairly due to the years already spent and to avoid court fees and attorney fees. Whatever the Honorable Judge deem reasonable and appropriate will be acceptable.

Doc. 1 at 1. The Court found the Complaint to be a "shotgun pleading" that did not comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Doc. 7. Specifically, the Court noted that, although "Edwards appears to assert a discrimination claim, she does not allege who at [ALDOT] discriminated against her, when the discrimination occurred, how she was discriminated against, or any other factual matter regarding her claim." *Id.* at 2. However, the Court gave Edwards an opportunity to file an amended complaint curing the noted deficiencies. *Id.* at 2-3.

On April 23, 2019, Edwards filed her First Amended Complaint, which once again failed to include any factual allegations supporting a claim of discrimination against ALDOT. Doc. 8. The Court then gave Edwards a second opportunity to amend, specifically instructing Edwards that her complaint *must* include "(1) the adverse employment action [ALDOT] took against her, (2) why she believes [ALDOT] took adverse action against her, (3) when the adverse employment action occurred, and (4) the federal statute [ALDOT] violated." Doc. 9 at 1.

On May 14, 2019, Edwards filed a Second Amended Complaint, in which she claims that, more than twenty years ago, ALDOT failed to hire her, failed to promote her, and retaliated against her based on her race, color, and gender/sex. Doc. 10. ALDOT seeks to dismiss the Second Amended Complaint for failure to state a claim on which relief can be granted, failure to exhaust administrative remedies, and failure to meet administrative charge-filing requirements. Doc. 22 at 1.

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

## III.   DISCUSSION

ALDOT argues that the Second Amended Complaint fails to state a claim on which relief can be granted.[1] Specifically, ALDOT claims that the complaint fails to set forth facts that meet the plausibility standard under *Iqbal* and *Twombly*. For the reasons discussed below, the undersigned agrees.

Like Edwards' two previous pleadings, the Second Amended Complaint contains virtually no allegations supporting a claim against ALDOT. The complaint simply states that, at some point between 1995 and 1997, ALDOT failed to hire Edwards, failed to promote Edwards, and retaliated against Edwards based on her race, color, and gender/sex. *See generally* Doc. 10. These brief allegations alone are far too vague and conclusory to satisfy Rule 8 of the Federal Rules of Civil Procedure.  Edwards makes legal conclusions couched as factual allegations, omitting any further factual enhancement. *See Iqbal*, 556 U.S. at 678 (citation omitted); *Twombly*, 550 U.S. at 555. Edwards used a standard complaint form that specifically instructed her to state the facts of her case and to attach additional pages if needed, but she left this section of the form blank and attached no additional pages of factual allegations. Doc. 10 at 3-4. Thus, the Second Amended Complaint states neither a discrimination claim nor a retaliation claim against ALDOT.

---

[1] With respect to ALDOT's arguments that Edwards failed to exhaust her administrative remedies and failed to meet administrative charge-filing requirements, it appears that the majority of Edwards' claims may indeed be time-barred for failure to file an appropriate Equal Employment Opportunity Commission charge within the time required by statute. However, because the undersigned finds that Edwards fails to satisfy Rule 8 and has failed to state a claim on which relief can be granted on that basis, the Court need not address any additional bases for dismissal. *See Osahar v. U.S. Postal Serv.*, 297 F. App'x 863 (11th Cir. 2008) (affirming district court's dismissal of action with prejudice based solely on plaintiff's repeated failure to satisfy Rule 8(a)(2)).

First, Edwards has not stated a plausible discrimination claim under Title VII. There are two types of actionable discrimination under Title VII: disparate treatment and disparate impact. *Pouyeh v. Bascom Palmer Eye Inst.*, 613 F. App'x 802, 810 (11th Cir. 2015) (citation omitted). Generally, to state a prima facie disparate treatment claim for failure to hire or promote, a plaintiff must show that (1) she was a member of a protected class; (2) she applied and was qualified for a position for which the employer was accepting applications; (3) despite her qualifications, she was not hired or promoted; and (4) the position remained open or was filled by another person outside of her protected class. *See id.* (citing *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *Summerlin v. M&H Valve Co.*, 167 F. App'x 93, 94 (11th Cir. 2006). Although a Title VII complaint need not allege facts sufficient to make out a classic prima facie case under *McDonnell-Douglas*, "it must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." *Id.* (citation omitted). In this case, Edwards does not make clear whether she is a member of a protected class; whether she was qualified for the position for which she applied; whether ALDOT was accepting applications at that time; or whether, after she was not hired or promoted, the position remained open or was filled by another person not within her protected class. She also alleges no facts that suggest that any intentional discrimination occurred.

To state a prima facie disparate impact claim, a plaintiff must demonstrate (1) a specific, facially-neutral employment practice; (2) a significant statistical disparity in the racial composition of employees benefitting from the practice and those qualified to benefit from the practice; and (3) a causal nexus between the practice identified and the statistical

disparity. *Lee v. Florida, Dept. of Children & Family Serv.*, 135 F. App'x 202, 204 (11th Cir. 2005) (citing *EEOC v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1274 (11th Cir. 2000)). In this case, the Second Amended Complaint fails to allege a facially-neutral employment practice, any statistical disparity in the racial composition of ALDOT's employees, or facts supporting a causal nexus.

Second, Edwards has not stated a plausible retaliation claim under Title VII. To state a prima facie retaliation claim, a plaintiff must show that "(1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Tison v. Alachua Straw Co., LLC*, 444 F. Supp. 3d 1344, 1354 (M.D. Ala. 2020) (citing *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008)). An employee's complaint of discrimination may constitute protected activity. *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 924 (11th Cir. 2018). However, in this case, Edwards has not alleged that she engaged in *any* form of protected activity, so the basis for her retaliation claim is unclear. Regardless, to the extent Edwards alleges she was not hired or not promoted because she engaged in protected activity, there are no allegations that demonstrate a causal connection between that unspecified activity and any decision not to hire or promote Edwards. Indeed, as noted above, with virtually no factual allegations to support Edwards' claims whatsoever, the Second Amended Complaint fails to satisfy even the Rule 8 pleading standard.

As noted above, the Court has given Edwards multiple opportunities to amend and state factual allegations that support her claims. *See* Docs. 7, 9. In doing so, the Court

expressly noted Edwards' lack of factual matter and specifically directed her to describe what action was taken against her, when and by whom the action was taken, and why she believes the action was discriminatory. Despite the Court's repeated prompting, and despite instructions on the complaint form directing her to state the facts of her case, Edwards' Second Amended Complaint is devoid of any factual allegations that support her claims. Because Edwards has twice failed to cure—or even attempt to cure—the deficiencies identified by the Court, the undersigned finds that another opportunity to amend would be futile.[2] *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint . . . when such amendment would be futile."); *Cobb v. Ala. Dept. of Human Res.*, 2010 WL 2079872, at *2 (M.D. Ala. Apr. 30, 2010) ("Although Plaintiff is pro se, she is not entitled to the Court's repeated indulgence of alerting her to deficiencies in her pleadings and granting her leave to amend to correct such deficiencies.").

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   ALDOT's Motion to Dismiss (Doc. 22) be GRANTED; and

2.   This case be DISMISSED under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.

It is further

---

[2] Edwards' response in opposition to ALDOT's Motion to Dismiss contains no additional factual allegations and fails to address the lack of factual allegations in her complaints. *See* Doc. 25. The response merely states that this action should not be dismissed because "Plaintiff has waited on Right To Sue Letter for two years and was granted on February 1, 2019" and "Plaintiff cannot get an attorney due to BLACK BALL by attorneys in Alabama." *Id.* at 1.

ORDERED that on or before **October 15, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of October, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE